UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL STERLING,

           Petitioner,

v.                                        CIVIL CASE NO. 05-40190
                                          HONORABLE PAUL V. GADOLA


RAYMOND BOOKER,

           Respondent.

                                                      /

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR RELIEF FROM JUDGMENT

Michael Sterling ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the revocation of his parole in 2002. At the time he filed his petition, Petitioner was incarcerated at the Carson City Correctional Facility in Carson City, Michigan. Petitioner was re-released on parole on March 20, 2007. For the reasons set forth below, the Court denies the petition for writ of habeas corpus. The Court also denies Petitioner's motion for relief from judgment concerning the prior denial of his bond motion.

**I.      Facts and Procedural History**

Petitioner pleaded guilty to unarmed robbery in the Wayne County Circuit Court and was sentenced to 4-15 years imprisonment in 1990. Petitioner was initially paroled in June 1995. He stopped reporting to his parole agent and committed other parole violations in October 1995 and a warrant was issued for his arrest. Petitioner was arrested on a drug charge in New York in 2000, but was released on personal recognizance. In May 2001, Petitioner was arrested for disorderly

conduct, possession of marijuana, and interference with a police officer, and was held in the Clare County Jail. Parole violation charges were issued. Petitioner was apparently released from custody, but again failed to report, and parole violation reports were issued in June 2001. Petitioner was subsequently detained in March 19, 2002 for possession of marijuana and misrepresented his identity to a police officer following a traffic stop and charged with criminal and parole violations. After the criminal charges were resolved, a parole violation hearing was conducted on May 22, 2002. Petitioner was found guilty on two of the parole violation charges. The Michigan Parole Board thereafter revoked his parole and issued a 12-month continuance in July 2002.

In August 2002, Petitioner challenged the parole revocation by filing a complaint for mandamus/petition for writ of habeas corpus in the Montcalm County Circuit Court, which was dismissed on October 31, 2002. He then filed a habeas corpus complaint in the Michigan Court of Appeals, which was denied on April 27, 2004, as was his motion for reconsideration. Petitioner also filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied on April 27, 2005. *See* Answer to Petition, pp. 2-4.

Petitioner filed his federal habeas corpus petition in May 2006 challenging the propriety of his 2002 parole revocation proceedings. In November 2006, Respondent filed an answer to the petition asserting that it should be denied because the claims are unexhausted, procedurally defaulted, not cognizable, and/or lack of merit. Petitioner was released on parole on March 20, 2007. *See* Michigan Offender Tracking Information System ("OTIS"); Address Change Notice.

## II.      Discussion

As noted, Petitioner challenges his 2002 parole revocation proceedings. Petitioner, however, is not entitled to relief from this Court as his claims have been rendered moot. Article III, § 2 of the

Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An incarcerated convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained and not considered moot.  *Id.*

When a habeas petitioner challenges a conviction pursuant to which he is no longer incarcerated, collateral consequences sufficient to the satisfy the case or controversy requirement will generally be presumed.  *See Sibron v. New York*, 392 U.S. 40, 55 (1968).  The United States Supreme Court, however, has declined to extend this presumption of collateral consequences to parole revocations.  *See Spencer*, 523 U.S. at 12-14; *see also Lane v. Williams*, 455 U.S. 624, 632-33 (1982).  When a habeas petitioner challenges a parole revocation but has completed the sentenced imposed upon revocation, the petitioner bears the burden of demonstrating the existence of actual collateral consequences arising from the parole revocation.  *Spencer*, 523 U.S. at 12-14; *see also Prowell v. Hemingway*, 234 F.3d 1269, 2000 WL 1679451, at *1 (6th Cir. Nov. 1, 2000) (unpublished).  Absent such a showing, the claims are rendered moot by completion of the

3

imprisonment term imposed for the parole revocation.[1]

Petitioner completed the sentence imposed upon him by the 2002 revocation of his parole as he was re-released on parole on March 20, 2007. He has not shown that he suffers continuing collateral consequences from the challenged parole decision. Any injury that Petitioner suffered during the 2002 parole proceedings cannot be redressed by a favorable judicial decision from this court. Petitioner's habeas claims have thus been rendered moot and his petition must be denied.[2]

## III.   Conclusion

For the reasons stated, the Court concludes that Petitioner's claims concerning his parole revocation proceedings are now moot and he has not demonstrated that he is otherwise entitled to federal habeas relief. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus [docket entry 1]. Given this determination, the Court also **DENIES** Petitioner's motion for relief from judgment concerning the denial of his bond motion [docket entry 42].

**SO ORDERED.**

Dated:      April 25, 2007                              s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

[1]The Court notes that claims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, use against the petitioner as a defendant in a future criminal proceeding, and possible effects on filing a civil rights lawsuit under 42 U.S.C. § 1983 do not constitute sufficient proof of collateral consequences in the parole revocation context. *See Spencer*, 523 U.S. at 14-16.

[2]Because the Court concludes that Petitioner's challenge to his parole revocation is moot, the Court need not address the procedural or substantive merits of Petitioner's claims.

Certificate of Service

I hereby certify that on    April 26, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Raina I. Korbakis                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                 Michael Sterling                 .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845